# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

CARNEGIE INSTITUTION OF WASHINGTON,

M7D CORPORATION,

      *Plaintiffs*,

v.

ALTR, INC.,

R.A. RIAM GROUP INC.,

      *Defendants*.

Civil Action No. _____

## COMPLAINT

Plaintiffs Carnegie Institution of Washington and M7D Corporation (collectively, "Plaintiffs") bring this action for patent infringement of U.S. Patent No. 6,858,078 and U.S. Patent No. RE41,189 (the "patents-in-suit") against Defendants ALTR, Inc. and R.A. Riam Group Inc. (collectively, "Defendants").

## THE PARTIES

### *Plaintiffs—Carnegie Institution of Washington and M7D Corporation*

1.     Plaintiff Carnegie Institution of Washington ("Carnegie") is a Washington, D.C., corporation with its headquarters and principal place of business at 1530 P St. NW, Washington, DC 20005.

2.     Carnegie is the assignee of the patents-in-suit.

3.     Plaintiff M7D Corporation ("M7D") is a Delaware corporation with its headquarters and principal place of business at 6700 Virginia Manor Road, Beltsville Maryland 20705.

4.     Carnegie and M7D are pioneers in the laboratory synthesis of high-clarity diamonds.  Carnegie invented and patented technology using a chemical vapor deposition ("CVD") process, specifically a microwave-plasma CVD (MPCVD) process, to control diamond growth from a diamond seed, atom by atom, to the highest purity and quality.



5.     Carnegie also invented and patented an annealing process that improved the color of laboratory grown diamonds by removing the brown color caused by certain forms of trapped nitrogen.

6.     M7D s is the licensee of the patents-in-suit with all rights to enforce the patents.

7.     In 2017, M7D, then-named Washington Diamonds LP, successfully grew the largest known CVD diamond as well as the largest known round CVD diamond.

### *__Defendant—ALTR__*

8.     Defendant ALTR, Inc. ("ALTR") is a New York corporation with its headquarters at 16 West 46th Street, 12th Floor, New York, New York, 10036 (the "ALTR NYC Location").

9.     Upon information and belief, ALTR's President is Amish Shah.

10.     Defendant ALTR describes itself as "a vertically integrated company" that, among other things, "grows [its] own diamonds" and "ha[s] the capability to create award-winning jewelry designs."[1]  ALTR has both "dedicated manufacturing infrastructure where [ALTR] grow[s] its] own diamonds" as well as "hand set fine jewelry."[2]  ALTR Created Diamonds offers a full line

---

[1] https://www.altr.nyc/contact-us/
[2] https://www.altr.nyc/created-diamond/

of rings, bracelets, necklaces, earrings, and other fine jewelry including jewelry sold under the ALTR brand name.[3,4] As a result,"[b]Because ALTR is vertically aligned, it is the only Created Diamond house with the supporting infrastructure not only to grow, cut and polish its supply of Type IIA Created Diamonds, but also design, manufacture and distribute fine Created Diamond jewellery."[5]

11.    ALTR-created jewelry using ALTR-grown CVD diamonds included, for example, ALTR's Holiday 2018 Collection of tennis bracelets, halo-encased solitaire earrings, drop earrings, diamond pendants with decorative knot design, and statement cocktail rings of up to 2 carats, as well as bespoke engagement rings.[6]

12.    In October 2018, ALTR announced that it was "doubling its New York City headquarters" and also "expand[ing] globally in 20 countries, including the United States, the European Union, Australia, Germany, Hong Kong, China, India, Canada, Thailand, South Korea, Israel, and South Africa."[7]

13.    ALTR is "headquartered in New York"[8] and has "distribution abilities in more than 35 countries," including in the United States through its "NYC HQ."[9]

---

[3] *See* https://www.prnewswire.com/news-releases/altr-created-diamonds-announces-expansion-of-global-headquarters-in-new-york-city-300736156.html, available from https://www.altr.nyc/news/.
[4] https://www.altr.nyc/created-diamond/
[5] https://www.prnewswire.com/news-releases/altr-created-diamonds-announces-expansion-of-global-headquarters-in-new-york-city-300736156.html, available from https://www.altr.nyc/news/.
[6] https://www.prnewswire.com/news-releases/altr-created-diamonds-launches-holiday-2018-collection-300740896.html?tc=eml_cleartime, available from https://www.altr.nyc/news
[7] https://www.prnewswire.com/news-releases/altr-created-diamonds-announces-expansion-of-global-headquarters-in-new-york-city-300736156.html, available from https://www.altr.nyc/news/.
[8] https://www.altr.nyc/created-diamond/
[9] https://www.altr.nyc/altredge/

14.     ALTR likewise lists its "Headquarters" as "New York, NY" on its public LinkedIn page.[10]

15.     ALTR additionally publishes its "NYC HQ" address on its LinkedIn page as "16 W 46th Street, New York, NY 10036, US."[11]

16.     In addition to being incorporated in New York State, ALTR has an active registration to do business in New York with the Department of State.  ALTR lists its New York State Department of State process address as "ALTR, Inc., 16 West 46th Street, 12th Floor, New York, New York, 10036."[12]

17.     Upon information and belief, ALTR has numerous employees in the United States and the New York State, including at the ALTR NYC Location and in this Judicial District.  For example, ALTR's website and LinkedIn page both specify that ALTR has "over 100 client-servicing associates spread across NYC HQ, Hong Kong, and Mumbai offices [to] ensure smooth production, logistics, and distribution for clients all over the world."[13,14]  Additionally, ALTR announced in October 2018 "more jobs at our global headquarters" and that it had "encouraged a significant hiring increase" with "[m]any new staff members hav[ing] been added to the Manhattan location's offices to facilitate in the company's strategic expansion.[15]

18.     Upon information and belief, ALTR actively solicits employees to work in New York State, including at the ALTR NYC Location and in this Judicial District.

---

[10] https://www.linkedin.com/company/altrinc/about/
[11] *Id.*
[12] Available via New York State Department of State website, https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY.
[13] https://www.altr.nyc/contact-us/
[14] *Id.*
[15] https://www.prnewswire.com/news-releases/altr-created-diamonds-announces-expansion-of-global-headquarters-in-new-york-city-300736156.html, available from https://www.altr.nyc/news/.

19.     Upon information and belief, at least six ALTR employees currently reside in the New York City area and in this Judicial District.[16]

20.     Upon information and belief, ALTR conducts business—including the manufacture, use, offer for sale, sale, and/or importation of CVD diamonds and/or annealed diamonds—from the ALTR NYC Location.

21.     ALTR's website highlights its New York connections by ALTR's chosen URL: http://altr.nyc.

22.     Upon information and belief, ALTR is a related and owned, at least in part, by R.A. Riam Group Inc.

23.     Upon information and belief, ALTR has knowledge of each of the patents-in-suit, including the subject matter and claims of the patents-in-suit.  The existence of the patents-in-suit are well known in the lab-grown diamond industry, and in particular are well known by lab-grown diamond manufacturers, importers, and sellers, such as ALTR.

24.     Upon information and belief, principals in ALTR are aware of the existence of the patents-in-suit and that the manufacturing and annealing processes employed by ALTR and/or its manufacturer(s) and distributor(s) fall within the scope of at least some of the claims in each of the patents-in-suit.

25.     Upon information and belief, ALTR, having knowledge of the patents-in-suit and knowledge that its respective CVD diamonds and/or annealed diamonds are made with processes that fall within the scope of at least some of the claims in the patents-in-suit, have, and are currently, manufacturing, importing, using, selling and/or offering for sale its CVD diamonds and annealed diamonds.

---

[16] https://www.linkedin.com/company/altrinc/people/

### *Defendant—R.A. Riam Group Inc.*

26.    Defendant R.A. Riam Group Inc. ("Riam") is a New York corporation.[17]

27.    Upon information and belief, Riam's CEO and President is Amish Shah—the same Amish Shah who, upon information and belief, is president of ALTR.

28.    Upon information and belief, Riam is an investor in and owner of ALTR.

29.    Upon information and belief, Riam is the exclusive manufacturer of ALTR's branded lab-grown diamonds.[18]

30.    Upon information and belief, Riam is associated with Remy Diamonds Pvt. Ltd.[19]



About Riam Group

The proprietors of R. A. Riam Group, Amish and Neha Shah, bring 3 generations of diamond and jewelry manufacturing expertise to the enterprise. We have a close trading alliance with Remy Diamonds PVT. LTD. so we are able to bring a great deal of diamond buying and sourcing experience to the table.

31.    Upon information and belief, Riam is a "vertical manufacturer of both mined diamond jewelry and created diamond jewelry."[20]

32.    Riam describes itself as a "prime supplier[] of bridal jewelry to regional retail chains and better end jewelry stores," including both "loose diamonds and jewelry," and is a "premier supplier of fancy diamond bridal jewelry."[21,22]

---

[17] Available via New York Department of State website, https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY.
[18] https://www.prnewswire.com/news-releases/altr-created-diamonds-proud-of-transparency-in-all-aspects-of-business-300825721.html
[19] https://sites.google.com/a/riamgroup.com/riamgroup/about-riam-group
[20] https://www.prnewswire.com/news-releases/altr-created-diamonds-proud-of-transparency-in-all-aspects-of-business-300825721.html
[21] https://sites.google.com/a/riamgroup.com/riamgroup/about-riam-group
[22] https://www.linkedin.com/company/r-a-riam-group-inc/about/

33.    Riam also describes itself as an "international wholesale group with Global Clients in various continents," and "a premier supplier of fancy diamond bridal jewelry."[23]

34.    Riam describes its "biggest business" as "finished jewelry," but Riam is also "a direct manufacturer of loose diamonds."[24]

35.    Riam further describes itself as a "manufacture[r]" selling proprietary diamond cutes, standard cuts, semi-mounts, and wedding sets to "fashion and couture markets around the world."[25]

36.    Riam's website advertises diamonds in "special diamond cuts" as well as jewelry in bridal, fashion, anniversary, and other styles.[26]

37.    Riam describes itself as offering "private label" options, which combine its "product development . . . with our proprietary diamond cuts.  This enables us to create an unlimited number of design combinations and permutations such that we can provide a unique assortment of products to any retailer."[27]



38.    Riam's website also solicits Requests for Proposals from prospective purchasers.[28]

39.    Riam also offers support to its buyers, including "propos[ing] an entire branding concept complete with advertising elements and display proposals tailored to the individual retailer."[29]

---

[23]  https://www.linkedin.com/company/r-a-riam-group-inc/about/
[24]  https://sites.google.com/a/riamgroup.com/riamgroup/about-riam-group
[25]  https://www.linkedin.com/company/r-a-riam-group-inc/about/
[26]  https://sites.google.com/a/riamgroup.com/riamgroup/home
[27]  https://www.linkedin.com/company/r-a-riam-group-inc/about/
[28]  https://sites.google.com/a/riamgroup.com/riamgroup/home
[29]  https://www.linkedin.com/company/r-a-riam-group-inc/about/

40.     Upon information and belief, Riam is located at 1156 Avenue of the Americas, New York, New York 10036.[30]

41.     Upon information and belief, Riam has offices and employees at 1156 Avenue of the Americas, New York, New York 10036, which is in this Judicial District.[31]

42.     Defendant Riam also lists its address for service of process as 16 West 46th Street, 12th Floor, New York, New York 10036.[32]

43.     Upon information and belief, Riam has offices and employees at 16 West 46th Street, 12th Floor, New York, New York 10036, which is in this Judicial District.

44.     Upon information and belief, Riam actively solicits employees to work in New York State, including at 1156 Avenue of the Americas, New York, New York 10036 and/or 16 West 46th Street, 12th Floor, New York, New York 10036 (collectively, the "Riam NYC Location(s)") and in this Judicial District.

45.     Upon information and belief, Riam has numerous employees in the United States and the New York State, including at the Riam NYC Location(s) and in this Judicial District.  Upon information and belief, at least 10 Riam employees currently reside in the New York City area and in this Judicial District.[33]

46.     Upon information and belief, Riam has knowledge of each of the patents-in-suit, including the subject matter and claims of the patents-in-suit.  The existence of the patents-in-suit are well known in the lab-grown diamond industry, and in particular are well known by lab-grown diamond manufacturers, importers, and sellers, such as Riam.

---

[30] https://www.facebook.com/pg/RARiamGroupInc/about/?ref=page_internal
[31] https://www.facebook.com/pg/RARiamGroupInc/about/?ref=page_internal
[32] Available via New York Department of State website,
https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY.
[33] https://www.linkedin.com/company/r-a-riam-group-inc/people/

47.     Upon information and belief, principals in Riam are aware of the existence of the patents-in-suit and that the manufacturing and annealing processes employed by Riam and/or its manufacturer(s) and distributor(s) fall within the scope of at least some of the claims in each of the patents-in-suit.

48.     Upon information and belief, Riam, having knowledge of the patents-in-suit and knowledge that its respective CVD diamonds and/or annealed diamonds are made with processes that fall within the scope of at least some of the claims in the patents-in-suit, have, and are currently, manufacturing, importing, using, selling and/or offering for sale its CVD diamonds and annealed diamonds.

## JURISDICTION AND VENUE

49.     Plaintiffs incorporate and reallege paragraphs 1 - 48, above.

50.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

51.     Plaintiffs have standing to bring this patent infringement action as the assignee and licensee of the patents-in-suit with all rights to enforce the patents.

### *Personal Jurisdiction over ALTR*

52.     New York has general personal jurisdiction over ALTR because ALTR is incorporated in New York State.  Additionally, New York has general jurisdiction over ALTR at least because ALTR has its headquarters in New York State, leases or owns real property in New York State, lists its address for service of process in New York State, employees a "robust team of . . . client-servicing associates" in New York State, and transacts business in New York State.

53.     New York also has personal jurisdiction over ALTR because ALTR's website is interactive and solicits inquiries from users, including users in New York State.[34]

54.     This Court also has specific personal jurisdiction over ALTR.  Upon information and belief, ALTR regularly conducts business and has committed acts of patent infringement in this Judicial District, New York State, and elsewhere in the United States.  New York has specific personal jurisdiction over ALTR at least because ALTR makes, uses, offers to sell, sells, and/or imports infringing diamonds from/to the ALTR NYC Location.

55.     Upon information and belief, ALTR's website, promotional materials, advertisements, and other information encourage others, such as third-party diamond retailers and jewelry stores, to sell the infringing diamond products.  Upon information and belief, ALTR's website, promotional materials, advertisements, and other information target third-party diamond retailers, jewelry stores, and other entities in New York State and this Judicial District.

56.     Upon information and belief, ALTR, directly or indirectly, participates in the stream of commerce that results in products, including the infringing ALTR diamonds, being made, used, offered for sale, and/or sold in New York State and/or imported into the United States to New York State, including through ALTR's regular and established places of business and/or authorized dealers and sales agents in New York State and this Judicial District.  Upon information and belief, such retailers include at least Helzberg Diamonds, which operates a website accessible from this Judicial District.[35]  Upon information and belief, ALTR derives revenues from its infringing acts occurring within New York State and in this Judicial District.

57.     Upon information and belief, ALTR has also induced acts of patent infringement by others, and/or has contributed to patent infringement by others in this Judicial District, New

---

[34] https://www.altr.nyc/contact-us/
[35] https://www.helzberg.com/jewelry/collections/altr-created-diamonds

York State, and elsewhere in the United States. For example, upon information and belief, ALTR offers for sale and sells its CVD diamonds and/or annealed diamonds to New York State third-parties such as retailers for their own infringing use, offer for sale, or sale. Upon further information and belief, ALTR actively solicits purchases and sales from such New York State retailers, partners with such retailers in advertising, and does so with the knowledge of Plaintiffs' patents.

58.    New York's exercise of personal jurisdiction over ALTR is reasonable and consistent with due process at least because ALTR has, upon information and belief, is incorporated in New York State, purposely conducted ongoing and continuous business activities in New York State, owns or leases real property in New York State, employs workers in New York State, manufactures and uses CVD diamonds and/or annealed diamonds in New York State, sells and offers for sale CVD diamonds and/or annealed diamonds to customers located or domiciled in New York State, sells and offers to sell CVD diamonds and/or annealed diamonds to retailers located in New York State, targets retailers in New York State and provides them with marketing and other support, and imports CVD diamonds and/or annealed diamonds into New York State.

### ***Personal Jurisdiction over Riam***

59.    Plaintiffs incorporate and reallege paragraphs 1–58, above.

60.    New York has general personal jurisdiction over Riam because Riam is incorporated in New York State. Additionally, New York has general jurisdiction over Riam at least because Riam has its headquarters/principal place of business in New York State, leases or owns real property in New York state, lists its address for service of process in New York State, has employees in New York State, and transacts business in New York State.

61.    This Court also has specific personal jurisdiction over Riam. Upon information and belief, Riam regularly conducts business and has committed acts of patent infringement in this Judicial District, New York State, and elsewhere in the United States. New York has specific personal jurisdiction over Riam at least because Riam makes, uses, offers to sell, sells, and/or imports infringing diamonds from Riam's NYC Location(s), and because Riam has imported into New York State and has offered for sale or sold its products to customers in New York State including but not limited to ALTR.

62.    Upon information and belief, Riam's website, promotional materials, advertisements, and other information encourage others, such as third-party diamond retailers and jewelry stores, to sell the infringing diamond products. Upon information and belief, Riam's website, promotional materials, advertisements, and other information target third-party diamond retailers, jewelry stores, ALTR, and other entities in New York State and this Judicial District.

63.    Upon information and belief, Riam, directly or indirectly, participates in the stream of commerce that results in products, including the infringing Riam diamonds, being made, used, offered for sale, and/or sold in New York State and/or imported into the United States to New York State, including through Riam's and/or ALTR's regular and established places of business and/or authorized dealers and sales agents in New York State and this Judicial District. Upon information and belief, such retailers include at least Helzberg Diamonds, which operates a website accessible from this Judicial District. Upon information and belief, Riam derives revenues from its infringing acts occurring within New York State and in this Judicial District.

64.    Upon information and belief, Riam has also induced acts of patent infringement by others, and/or has contributed to patent infringement by others in this Judicial District, New York State, and elsewhere in the United States. For example, upon information and belief, Riam offers

for sale and sells its CVD diamonds and/or annealed diamonds to New York State entities, including distributors and retailers, for their own infringing use, offer for sale, or sale. Upon further information and belief, Riam actively solicits purchases and sales from such New York State entities, partners with such retailers in advertising, and does so with the knowledge of Plaintiffs' patents. Upon information and belief, Riam has offered for sale, sold, and/or imported CVD diamonds and/or annealed diamonds to ALTR for ALTR's own infringing use, offer for sale, sale, and/or importation.

### *Venue for ALTR*

65.    Patent venue is proper in this judicial district under 28 U.S.C. § 1400(b) because ALTR is incorporated in New York State and resides at the ALTR NYC Location, and therefore ALTR resides in the Southern District of New York.

66.    Patent venue is also proper in this judicial district under 28 U.S.C. § 1400(b) because the ALTR NYC location is a regular and established place of business and ALTR has committed acts of patent infringement including, upon information and belief, manufacturing, using, selling, offering for sale, and/or importing CVD diamonds and/or annealed diamonds from/to its ALTR NYC Location, which is located in this Judicial District.

### *Venue for Riam*

67.    Patent venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Riam is incorporated in New York State and has a headquarters and/or principal place of business at the Riam NYC Location(s), and therefore Riam resides in the Southern District of New York.

68.    Patent venue is also proper in this judicial district under 28 U.S.C. § 1400(b) because Riam's NYC Location(s) are regular and established place of business and Riam has committed acts of patent infringement including, upon information and belief, manufacturing

using, selling, offering for sale, and/or importing CVD diamonds and/or annealed diamonds in or into this Judicial District.

## THE PATENTS-IN-SUIT

69.     On February 22, 2005, the United States Patent Office duly and legally issued U.S. Patent No. 6,858,078 ("the '078 Patent"), titled "Apparatus and Method of Diamond Production." A true and correct copy of the '078 Patent is attached as Exhibit A.

70.     The '078 Patent was issued based on Application No. 10/288,499, filed November 6, 2002.

71.     The '078 Patent was and is assigned to the Carnegie Institution of Washington.

72.     M7D is the license of the '078 Patent which possesses all rights to enforce the '078 Patent.

73.     The '078 Patent teaches a method for producing MPCVD diamonds using a faster grown rate, moderate pressures within the deposition chamber, and with a particular temperature gradient to be maintained during diamond growth.

74.     The '078 Patent includes 64 claims.  Independent claim 1 of the '078 Patent recites a method for diamond production by controlling the diamond's growth surface gradient temperature to within 20°C and growing a single-crystal diamond by MPCVD in a deposition chamber with an atmospheric pressure of at least 130 torr.  Independent claim 12 similarly recites a method for diamond production, but with a growth temperature of 900–1400°C.

75.     On April 6, 2010, the United States Patent Office duly and legally reissued U.S. Reissue Patent No. RE41,189 ("the '189 Patent"), titled "Method of Making Enhanced CVD Diamond."  A true and correct copy of the '189 Patent is attached as Exhibit B.

76.    The '189 Patent is a reissue of U.S. Patent No. 6,811,610, filed on June 3, 2002 as Application No. 10/161,266 and issued on November 2, 2004.

77.    The '189 Patent was and is assigned to the Carnegie Institution of Washington.

78.    M7D is the licensee of the '189 Patent that possesses all rights to enforce the '189 Patent.

79.    The '189 Patent teaches the benefits of a method for improving the optical properties of already-grown chemical vapor deposition (CVD) diamonds by heat treating single crystal CVD diamond at high temperature and pressure, resulting in increased clarity.

80.    The '189 Patent also teaches the benefits of a method to form more perfect CVD diamonds with fewer defects.

81.    The '189 Patent includes 7 claims.  Independent claim 1 of the '189 Patent recites a method to improve the optical clarity of a single crystal CVD diamond by raising it to a set temperature of at least 1500°C and at a certain pressure.

## BACKGROUND ON NATURAL AND LAB-GROWN DIAMONDS

82.    A diamond is a solid form of carbon with the carbon atoms arranged in a crystal structure called diamond cubic.  When formed by the Earth, the process requires temperatures over 2,000 degrees Fahrenheit and pressure in excess of 725,000 pounds per square inch.

83.    Diamonds may also be created under certain laboratory conditions.   Unlike diamond substitutes such as cubic zirconia, "grown" or "synthetic" diamonds are chemically, physically, and optically identical to "mined" diamonds.  In fact, the Federal Trade Commission has recently changed the definition of the term "diamond" to remove the term "natural",

acknowledging that lab grown diamonds have the same physical, chemical and optical qualities as diamonds mined from the earth.[36]

84.    One method to produce lab-grown diamonds is chemical vapor deposition (CVD). CVD starts with a diamond seed.  A mixture of hydrocarbon gases is fed into a chamber under low pressure and energized under conditions for diamond growth.  The CVD process is used to control the diamond growth and achieve a high purity.

85.    Multiple techniques exist within CVD.  Microwave-plasma CVD (MPCVD) can create high-quality diamond growth by, among other things, preventing electrode contamination as it uses no electrodes.

86.    CVD diamonds, like all diamonds, are sorted into either Type I (with nitrogen as the main impurity) and Type II (with no measurable nitrogen impurities).  Within Type II, diamonds are further sorted into Type IIa and Type IIb.  Type IIa have no measurable nitrogen impurities, but imperfections can impart color (yellow, brown, orange, pink, red, or purple) to the gem.  CVD diamonds are typically Type IIa.

87.    ALTR describes Type IIa diamonds as "almost entirely devoid of these imperfections and deformations."[37]

## ALTR'S CVD DIAMOND PRODUCTS

88.    Plaintiffs incorporate and reallege paragraphs 1 - 87, above.

89.    Upon information and belief, ALTR, either directly or through intermediaries, makes, uses, offers to sell, and/or sells in the United States, and/or imports into the United States, lab-grown CVD diamonds and/or annealed diamonds.

---

[36] https://www.ftc.gov/public-statements/2018/07/statement-basis-purpose-final-revisions-jewelry-guides, see page 114.
[37] https://www.altr.nyc/created-diamond/

90.    ALTR describes itself as a "vertically integrated company" that "grows [its] own diamonds" and "ha[s] the capability to create award-winning jewelry designs."[38]

91.    ALTR manufactures diamonds using a CVD method.[39]

92.    Upon information and belief, ATLR's CVD method is, more specifically, MPCVD.

93.    ALTR's website claims that ALTR "grows our own diamonds" in a 4.5-acre facility, with a result of "Type IIA diamonds."[40]

94.    ALTR's website describes its process as lab-growing diamonds on a "Type IIa" "diamond seed" of about 500 microns.[41,42]



<hr />

[38] https://www.altr.nyc/contact-us/
[39] https://www.altr.nyc/created-diamond/ (annotated).
[40] https://www.altr.nyc/altredge/
[41] https://www.altr.nyc/created-diamond/
[42] https://www.helzberg.com/jewelry/collections/altr-created-diamonds

## TECHNOLOGY OF CREATED DIAMONDS

Our diamond growing process utilizes advanced scientific knowledge and sophisticated technology to recreate conditions similar to nature's force exerted over a billion years approximately 100 miles underground. Our proprietary ALTR diamond reactors and processes, built and perfected over 60 years of combined research, use a TYPE IIA "diamond seed" to create new diamonds. This results in a created diamond that is exceptionally beautiful and of higher quality.

LEARN MORE





95.    ALTR depicts its polished diamond seeds as being heated to, at one stage, at least 1019°C.[43]





> **How are ALTR diamonds created?**
>
> Our diamonds are created by replicating certain favorable conditions growing crystal carbon. A sliver of an existing Type IIA diamond, otherwise known as a "seed", is placed in an environment that contains a specific recipe of carbon compounds. The seed is then subjected to a process called Chemical Vapor Deposition (CVD), wherein the crystals are formed from hot plasma in layers, like semiconductors. What results is a real ALTR Created Rough Diamond with all the natural properties of a mined diamond.

96.    ALTR further depicts them as being heated over time and to approximately 2218°F,[44] which is approximately 1214°C.

97.    ALTR's process takes approximately 60–120 days.[45]

98.    The result of ALTR's manufacturing process is "always Type IIA."[46]

99.    ALTR describes its CVD diamonds and/or annealed diamonds as "certified Type IIA diamonds that are identical to chemical, optical and physical composition as the world's finest mined diamonds."[47]

100.    ALTR also uses its CVD diamonds and/or annealed diamonds. In ALTR's dedicated diamond-cutting facility, ALTR cuts them into shapes such as heart, arrows, round, square, oval, marquise, princess, emerald, pear, radiant, and cushion, then polishes them.[48]

> **Dedicated diamond-cutting facility**
>
> We have a dedicated created diamond-cutting facility where all our diamonds are exquisitely cut for maximum brilliance by our master cutters. Along with over 48 exclusive patented cuts, we have the most evolved versions of the traditional fancy cuts including hearts and arrows, rounds, squares, oval, marquise, princess, emerald, pear, radiant and cushion

---

[44] https://www.altr.nyc/created-diamond/
[45] Id.
[46] Id.
[47] https://www.prnewswire.com/news-releases/altr-created-diamonds-announces-expansion-of-global-headquarters-in-new-york-city-300736156.html, available from https://www.altr.nyc/news/.
[48] https://www.altr.nyc/created-diamond/

101.   ALTR also describes its business as not only "growing diamonds," but also the "design and marketing of jewelry."[49,50]

102.   ALTR markets a variety of polished loose diamonds as well as finished jewelry. Upon information and belief, these are available to retailers and end-customers and through at least Helzberg Diamonds and helzberg.com.[51,52,53]

## RIAM'S CVD DIAMOND PRODUCTS

103.   Plaintiffs incorporate and reallege paragraphs 1 - 102, above.

104.   Upon information and belief, Riam, either directly or through intermediaries, makes, uses, offers to sell, and/or sells in the United States, and/or imports into the United States, lab-grown CVD diamonds and/or annealed diamonds.

105.   Upon information and belief, Riam lab-grows (manufactures) all or some of the diamond products used, offered for sale, sold, or imported by ALTR.

106.   Upon information and belief, Riam manufactures its CVD diamonds and/or annealed diamonds using the growing process described above in paragraphs 92 - 103.

107.   Upon information and belief, Riam manufactures its CVD diamonds and/or annealed diamonds in a process starting with a Type IIa diamond seed, using MPCVD, and temperatures in excess of 2000°F, with the process taking approximately 60–120 days.

108.   Upon information and belief, Riam's resulting diamonds are Type IIa.

109.   Upon information and belief, Riam uses the grown diamonds to create cut diamonds using commercially known as well as proprietary techniques.

---

[49] https://www.altr.nyc/altredge/
[50] https://www.altr.nyc/created-diamond/
[51] https://www.prnewswire.com/news-releases/altr-created-diamond-earrings-shine-bright-in-vogue-300962358.html, available from https://www.altr.nyc/news/
[52] https://www.helzberg.com/jewelry/collections/altr-created-diamonds
[53] https://www.helzberg.com/jewelry/collections/altr-created-diamonds/shop-all-altr-created-diamonds

110.    Upon information and belief, Riam offers to sell and sells loose diamonds.

111.    Upon information and belief, Riam uses its CVD diamonds and/or annealed diamonds to create semi-mount and finished jewelry.  Upon information and belief, Riam uses, offers to sell, sells, and imports the semi-mount and finished jewelry to/into the United States.

112.    Upon information and belief, Riam offers to sell, sells, and/or imports its CVD diamonds and/or annealed diamonds through ALTR.

113.    Upon information and belief, Riam and ALTR operate together to manufacture, use, offer to sell, sell, and/or import CVD diamonds and/or annealed diamonds to/into the United States.

114.    Upon information and belief, Riam's CVD diamonds and/or annealed diamonds are marketed offered for sale, sold, and/or imported to, and/or used by, retailers and end-customers in New York State and this Judicial District.

115.    Upon information and belief, Riam's CVD diamonds and/or annealed diamonds are available to retailers and end-customers and through at least Helzberg Diamonds and helzberg.com.[54]

**COUNT ONE: INFRINGEMENT OF THE '078 PATENT**

116.    Plaintiffs incorporate and reallege paragraphs 1 - 115, above.

117.    Plaintiffs have not licensed or otherwise authorized ALTR or Riam to make, use, offer for sale, or sell within the United States, or import into the United States, any product(s) that embody the inventions of the '078 Patent.

---

[54] https://www.prnewswire.com/news-releases/altr-created-diamond-earrings-shine-bright-in-vogue-300962358.html, available from https://www.altr.nyc/news/

### *Direct Infringement*

118.    Each Defendant directly infringed and continues to directly infringe one or more claims of the '078 Patent, including at least independent claims 1 and 12, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling within the United States, or importing into the United States, products that satisfy each and every limitation of one or more claims of the '078 Patent (the "infringing CVD diamonds" or the "infringing CVD diamond products").

119.    Upon information and belief, the process described on ALTR's website is the same process used by Riam.

120.    ALTR's website states that ALTR's and Riam's infringing CVD diamonds are grown using a diamond seed, as recited in claim 1 of the '078 patent (which requires microwave plasma chemical vapor deposition (MPCVD) on the growth surface of the diamond).[55]

121.    ALTR's website states that ALTR's and Riam's infringing CVD diamonds are grown using a CVD process on a diamond/carbon seed.[56]  Upon information and belief, this is an MPCVD process as recited in independent claims 1 and 12 of the '078 patent.

122.    Upon information and belief, ALTR and Riam make infringing CVD diamonds by a process requiring maintaining the growth surface temperature gradient to within 20°C, as recited in independent claims 1 and 12 of the '078 Patent.

123.    Upon information and belief, ALTR and Riam make infringing CVD diamonds by a process requiring an atmospheric pressure of at least 130 torr, as recited in independent claim 1 of the '078 Patent.

---

[55] https://www.altr.nyc/created-diamond/
[56] *Id.*

124.    ALTR's website states that ALTR and Riam make infringing CVD diamonds by a process requiring temperatures of approximately 2200°F.[57]  As 2200°F is approximately 1204°C, the infringing CVD diamonds are heated to within about 900–1400°C, as recited in independent claim 12 of the '078 Patent.

125.    Upon information and belief, each of ALTR and Riam use infringing CVD diamonds to create additional items.  For example, an ALTR press release states that "ALTR Created Diamonds offers a full line of rings, bracelets, necklaces, and earrings sold under the ALTR brand name."[58]  Likewise, ALTR's website states that it "create[s] a broad range of jewelry."[59]  Riam's website states that it "direct manufacturer of loose diamonds" but also a "primer supplier[]" of jewelry.[60]

126.    Upon information and belief, ALTR and Riam offer for sale and sell infringing CVD diamonds—including loose diamonds, ALTR Created Diamonds jewelry, and Riam-developed jewelry—to retailers, customers, and other third-parties.

127.    Upon information and belief, Riam offers for sale and sells the infringing CVD diamonds to ALTR.

128.    Upon information and belief, each of ALTR and Riam imports infringing CVD diamonds into New York State and the United States for purposes of using, offering for sale, and selling the infringing CVD diamonds.

---

[57] *Id.*
[58] https://www.prnewswire.com/news-releases/altr-created-diamonds-announces-expansion-of-global-headquarters-in-new-york-city-300736156.html, available from https://www.altr.nyc/news/.
[59] https://www.altr.nyc/created-diamond/
[60] https://sites.google.com/a/riamgroup.com/riamgroup/about-riam-group

### *Induced Infringement*

129.    Each Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '078 Patent, including at least independent claims 1 and 12, by knowingly and intentionally inducing others, including prospective and actual customers and retailers to directly infringe, literally or under the doctrine of equivalents, by using, offering to sell, and/or selling within the United States, and/or importing into the United States, products made by the infringing method, specifically ALTR's and/or Riam's infringing CVD diamonds.

130.    Upon information and belief, each Defendant knowingly and intentionally induced infringement of one or more claims of the '078 Patent in violation of 35 U.S.C. § 271(b), including at least independent claims 1 and 12, by taking active steps, directly and/or through intermediaries, to encourage others, including customers and retailers, to use, offer to sell, and/or sell within the United States, and/or import into the United States, Defendants' infringing CVD diamond products.

131.    Upon information and belief, each Defendant had the specific intent to cause third parties (such as retailers) to use, offer to sell, and/or sell Defendants' infringing CVD diamond products to others (such as customers) in an infringing manner.  Defendants' steps include, among other things, making, using, offering for sale, selling, and importing Defendants' infringing CVD diamond products in/into the United States; marketing, offering for sale, and selling Defendants' diamond products to retailers in the United States; marketing, offering for sale, and selling Defendants' infringing CVD diamond products to customers and other end-users in the United States; marketing, offering for sale, and selling Defendants' infringing CVD diamond products through other retailers such as Helzberg Diamonds within the United States; and directly and indirectly promoting retailers' and others' use, sale, and offers for sale of Defendants' infringing CVD diamond products.

132.    Upon information and belief, each of ALTR and Riam is performing these steps with actual knowledge of the '078 Patent and with knowledge that the induced acts constitute infringement, at least as of the date of the complaint filed against them in this action.

133.    Upon information and belief, if ALTR did not have actual knowledge of the '078 Patent, ALTR's lack of knowledge of the '078 Patent was willful.  Upon information and belief, ALTR holds at least 22 patents on diamond cuts.[61]  Upon information and belief, for ALTR to have obtained these patents, prior art searches of the technological field were first required.  Upon information and belief, ALTR did become aware, or should have become aware, of the '078 Patent.

134.    Upon information and belief, if Riam did not have actual knowledge of the '078 Patent, Riam's lack of knowledge of the '078 Patent was willful.  Upon information and belief, Riam holds around two dozen patents on diamond cuts.[62]  Upon information and belief, to have obtained these patents, prior art searches of the technological field were first required.  Upon information and belief, Riam did become aware, or should have become aware, of the '078 Patent.

135.    Upon information and belief, each Defendant is aware that the normal and customary use of Defendants' infringing CVD diamond products by Defendants' customers and retailers would infringe the '078 Patent.

136.    Each Defendant's inducement is ongoing.

***Willful Infringement***

137.    Upon information and belief, each of ALTR and Riam has knowledge of the '078 Patent and knowledge that its CVD diamonds and/or annealed diamonds infringe at least one claim

---

[61] https://www.prnewswire.com/news-releases/altr-created-diamond-earrings-shine-bright-in-vogue-300962358.html and https://www.prnewswire.com/news-releases/altr-created-diamonds-announces-expansion-of-global-headquarters-in-new-york-city-300736156.html, available from https://www.altr.nyc/news/.

[62] https://www.crainsnewyork.com/article/20180503/SMALLBIZ/180509984/the-ice-farmer-a-techno-whiz-whose-85-year-old-family-business-grows-altr-manmade-diamonds

of the '078 Patent. Notwithstanding their knowledge (or willful blindness thereto), each of ALTR and Riam have continued to make, have made, import, use, offer for sale, and sell their infringing CVD diamonds and/or annealed diamonds in the United States.

138.    Each Defendant has willfully infringed, and continues to willfully infringe, one or more claims of the '078 Patent.

139.    As a direct and proximate cause of the direct, induced and willful infringement by the Defendants, Plaintiffs have been and will continue to be irreparably harmed in their business and property rights unless Defendants are enjoined from their infringing activity in the United States.

## COUNT TWO: INFRINGEMENT OF THE '189 PATENT

140.    Plaintiffs incorporate and reallege paragraphs 1–139, above.

141.    Plaintiffs have not licensed or otherwise authorized ALTR or Riam to make, use, offer for sale, or sell within the United States, or import into the United States, any product(s) that embody the inventions of the '189 Patent.

### *Direct Infringement*

142.    Each Defendant directly infringed and continues to directly infringe one or more claims of the '189 Patent, including at least independent claim 1, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offer to sell, and/or selling within the United States, or importing into the United States, the infringing CVD diamonds and/or the infringing CVD diamond products, each of which satisfies each and every limitation of one or more claims of the '189 Patent.

143.    Upon information and belief, the process described on ALTR's website is the same process used by Riam.

144.    ALTR's website states that ALTR's and Riam's process of lab-growing diamonds uses a "diamond seed" [63,64], as recited in claim 1 of the '189 patent (requiring a "single-crystal CVD diamond").

145.    ALTR's website describe the infringing CVD diamonds as "Type IIa." [65,66]

146.    CVD diamonds, without additional processing, are unlikely to be Type IIa.  Instead, the optical clarity of the CVD-grown diamond is improved by another method.

147.    Upon information and belief, each of ALTR and Riam manufactures Type IIa diamonds by a process requiring a set temperature of at least 1500°C, as recited in claim 1 of the '189 Patent.

148.    Upon information and belief, each of ALTR and Riam manufactures Type IIa diamonds by a process requiring a pressure, as recited in claim 1 of the '189 Patent.

149.    Upon information and belief, each Defendant uses infringing CVD diamonds to create additional items.  For example, ALTR has publicized its polished loose stones and ALTR rings, bracelets, necklaces, earrings, and other jewelry.[67]  Riam has likewise disclosed that it sells bridal and other jewelry using infringing CVD diamonds.[68]

150.    Upon information and belief, each Defendant manufactures, uses, offers for sale, and sells infringing CVD diamonds in the United States.

151.    Riam offers for sale and sells the infringing CVD diamonds to ALTR.

---

[63] https://www.altr.nyc/created-diamond/
[64] https://www.helzberg.com/jewelry/collections/altr-created-diamonds
[65] https://www.altr.nyc/created-diamond/
[66] https://www.prnewswire.com/news-releases/altr-created-diamonds-announces-expansion-of-global-headquarters-in-new-york-city-300736156.html, available from https://www.altr.nyc/news/
[67] https://www.altr.nyc/contact-us/; https://www.altr.nyc/created-diamond/; https://www.altr.nyc/contact-us/, https://www.altr.nyc/created-diamond/ available from https://www.altr.nyc/news/.
[68] https://sites.google.com/a/riamgroup.com/riamgroup/about-riam-group

152.    Upon information and belief, each of ALTR and Riam imports infringing CVD diamonds into New York State and the United States for purposes of using, offering for sale, and selling the infringing CVD diamonds.

### *Induced Infringement*

153.    Each Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '189 Patent, including at least independent claim 1, by knowingly and intentionally inducing others, including prospective and actual customers and retailers to directly infringe, literally or under the doctrine of equivalents, by using, offering to sell, and/or selling within the United States, and/or importing into the United States, products made by the infringing method, specifically ALTR's and/or Riam's infringing CVD diamonds.

154.    Upon information and belief, each Defendant knowingly and intentionally induced infringement of one or more claims of the '189 Patent in violation of 35 U.S.C. § 271(b), including at least independent claim 1, by taking active steps, directly and/or through intermediaries, to encourage others, including customers and retailers, to use, offer to sell, and/or sell within the United States, and/or import into the United States, Defendants' infringing CVD diamond products.

155.    Upon information and belief, each Defendant had the specific intent to cause third parties (such as retailers) to use, offer to sell, and/or sell Defendants' infringing CVD diamond products to others (such as customers) in an infringing manner.  Upon information and belief, Defendants' steps include, among other things, making, offering for sale, selling, and importing Defendants' infringing CVD diamond products to/into the United States; marketing, offering for sale, and selling Defendants' diamond products to retailers in the United States; marketing, offering for sale, and selling Defendants' infringing CVD diamond products to customers and other end-users in the Untied States; marketing, offering for sale, and selling Defendants'

infringing CVD diamond products through other retailers such as Helzberg Diamonds within the United States; directly and indirectly promoting retailers' and others' use, sale, and offers for sale of Defendants' infringing CVD diamond products in the United States; and providing educational and marketing support to retailers in order to increase indirect uses, offers for sale, and sales of Defendants' infringing CVD diamond products including in the United States.

156.    Upon information and belief, ALTR and Riam are performing these steps with actual knowledge of the '189 Patent and with knowledge that the induced acts constitute infringement, at least as of the date of the complaint filed against them in this action.

157.    Upon information and belief, if ALTR did not have actual knowledge of the '189 Patent, ALTR's lack of knowledge of the '189 Patent was willful.  Upon information and belief, ALTR holds at least 48 patents on diamond cuts.[69]  Upon information and belief, to have obtained patents, prior art searches of the technological field were first required.  Upon information and belief, ALTR did become aware, or should have become aware, of the '189 Patent.  Additionally, because of the relationship between ALTR and Riam, upon information and belief, ALTR has knowledge of the asserted patents from its relationship with Riam.

158.    Upon information and belief, if Riam did not have actual knowledge of the '189 Patent, Riam's lack of knowledge of the '189 Patent was willful.  Upon information and belief, Riam holds around two dozen patents on diamond cuts.[70]  Upon information and belief, to have obtained patents, prior art searches of the technological field were first required.  Upon information and belief, Riam did become aware, or should have become aware, of the '189 Patent.

---

[69] https://www.prnewswire.com/news-releases/altr-created-diamond-earrings-shine-bright-in-vogue-300962358.html and https://www.prnewswire.com/news-releases/altr-created-diamonds-announces-expansion-of-global-headquarters-in-new-york-city-300736156.html, available from https://www.altr.nyc/news/
[70] https://www.crainsnewyork.com/article/20180503/SMALLBIZ/180509984/the-ice-farmer-a-techno-whiz-whose-85-year-old-family-business-grows-altr-manmade-diamonds

159.    Upon information and belief, each Defendant is aware that the normal and customary use of Defendants' infringing CVD diamond products by Defendants' customers and retailers would infringe the '189 Patent.

160.    Each Defendant's inducement is ongoing.

***Willful Infringement***

161.    Upon information and belief, each of ALTR and Riam has knowledge of the '189 Patent and knowledge that its CVD diamonds and/or annealed diamonds infringe at least one claim of the '189 Patent.  Notwithstanding their knowledge (or willful blindness thereto), each of ALTR and Riam have continued to make, have made, import, use, offer for sale, and sell their infringing CVD diamonds and/or annealed diamonds in the United States.

162.    Each Defendant has willfully infringed, and continues to willfully infringe, one or more claims of the '189 Patent.

163.    As a direct and proximate cause of the direct, induced and willful infringement by the Defendants, Plaintiffs have been and will continue to be irreparably harmed in their business and property rights unless Defendants are enjoined from their infringing activity in the United States.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

a.   Entry of judgment declaring ALTR and/or Riam have directly and/or indirectly infringed one or more claims of the '078 Patent;

b.   Entry of judgment declaring ALTR's and/or Riam's infringement of the '078 Patent to be willful;

c.   Entry of judgment declaring ALTR and/or Riam have directly and/or indirectly infringed one or more claims of the '189 Patent;

d.   Entry of judgment declaring ALTR's and/or Riam's infringement of the '189 Patent to be willful;

e.   Entry of an order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or participation with them, from further acts of direct and/or indirect infringement of the '078 and '189 Patents including the manufacture, use, sale, offer for sale, and importation of the infringing products;

f.   A full accounting for and an award of damages to Plaintiffs for Defendants' infringement of the '078 and '189 Patents, but in no event less than a reasonable royalty, including enhanced damages pursuant to 35 U.S.C. § 284 in an amount no less than treble damages, together with pre- and post-judgment interest;

g.   Entry of judgment declaring that this case is exceptional and awarding Plaintiffs their costs and reasonable attorney fees under 35 U.S.C. § 285; and

h.   Such other and further relief as the Court deems just and proper.

Dated: January 9, 2020

Respectfully submitted,

**PERKINS COIE LLP**

_/s/ Matthew J. Moffa_
Matthew J. Moffa
PERKINS COIE LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
Telephone: (212) 261-6857
Fax: (212) 399-8057
e-mail: MMoffa@PerkinsCoie.com

Terrance J. Wikberg (_pro hac vice forthcoming_)
PERKINS COIE LLP
607 14th Street, NW
Washington, DC 20005
Telephone: (202) 434-1649
Fax: (202) 654-9149
e-mail: TWikberg@PerkinsCoie.com

_Counsel for Plaintiffs Carnegie Institution of_
_Washington and M7D Corporation_